**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL GARRISON,

    Plaintiff,

v.                                                                                                         Case No. 16-12823

KYRA WILLIAMS-BENNETT, et al.,

    Defendants.

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Pro se Plaintiff Michael Garrison seeks to challenge the constitutionally of various special conditions placed upon his parole. In his ten-count complaint, Plaintiff alleges that Defendants Kyra Williams-Bennett, a parole agent, and Michael Eagen, then-parole board chairman, added onerous special parole conditions authorized by the Michigan Sex Offender Registry Act, Mich. Comp. Laws § 28.721 et seq., that these special conditions bore no rational relation to his offense, and that these actions violated his constitutional rights. (Dkt. # 1.) Defendant Eagen has filed motion for summary judgment. (Dkt. # 19.) In opposition, Plaintiff filed a "Response and Counter Motion for Summary Judgment." (Dkt. # 29) Defendant Eagen timely filed a reply (Dkt. # 30), and Plaintiff has declined to file a sur-reply. The court has reviewed the briefs and finds a hearing unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

The court has no difficulty finding Plaintiff's claims for money damages against Defendant Eagen to be unavailing. First, to the extent Plaintiff seeks damages against Defendant Eagen in his official capacity, such claims are construed as being asserted against the State of Michigan, the Michigan Department of Corrections, or the Parole

Board, *Ward v. City of Nowralk*, 640 Fed. Appx. 462, 464 (6th Cir. 2016), and are barred by sovereign immunity accordingly. *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). Nor can Plaintiff maintain a damages claim against Defendant Eagen in his individual capacity. A plaintiff asserting a cause of action under § 1983 must show that each defendant's individual actions violated his constitutional rights. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015); *Marcillis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "*Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 469 U.S. 378, 385 (1989). Plaintiff contends that Defendant Eagen was "clearly personally involved by his signing and authorizing the illegal parole restrictions upon the Plaintiff in this matter." (Dkt. # 29, Pg. ID 149.) But Defendant Eagen provided an affidavit stating that his signature is routinely printed on parole orders and he was not personally involved in ordering the special conditions at issue. (Dkt. # 19-9.) Plaintiff points to nothing in the record to contradict Defendant Eagen's affidavit. The court concludes that Defendant Eagen was not personally involved in the decision to impose the special conditions upon Plaintiff.

With respect to Plaintiff's request for injunctive relief, while the briefing has not been abysmal, neither has it been particularly helpful from either side. The court shall assume that deficiencies are the result of the relative dearth of precedent on the subject matter rather than some lack of attention on the part of Plaintiff or of Defendant's counsel. In Defendant's reply brief, he concedes that absolute immunity does not bar the request for injunctive relief. (Dkt. # 30, PG. ID 186.)

In any event, "[i]t has been properly held that the Government can infringe the [F]irst [A]mendment rights of prisoners so long as the restrictions are reasonably and necessarily related to the advancement of some justifiable purpose of imprisonment." *Bricker v. Michigan Parole Bd.*, 405 F. Supp. 1340, 1343 (E.D. Mich. 1975) (quoting *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972)). "By the same token, when a convict is conditionally released on parole, the Government retains a substantial interest in insuring that its rehabilitative goal is not frustrated and that the public is protected from further criminal acts by the parolee." *Id.* Similarly, with respect to his other constitutional claims, Plaintiff must show that the parole conditions do not rationally further the state's legitimate interest in protecting the public. *See Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[P]risoners are not considered a suspect class for purposes of equal protection litigation."); *Sweeton v. Brown*, 27 F.3d 1162, 27 F.3d 1162, 1165 (6th Cir. 1994) (finding no federal due process right to state following statutory parole procedures); *Doe v. Wigginton*, 21 F.3d 733, 739 (6th Cir. 1994) (rational basis review applies when the plaintiff is not a member of a suspect class and a fundamental right is not at issue) (citation omitted).

Plaintiff has two prior convictions for criminal sexual conduct, in 1993 and 2003, for which he served over five years in prison. (Dkt. # 19-4, Pg. ID 97; Dkt. # 29, Pg. ID 145.) As a result, Plaintiff is a registrant under the Michigan Sex Offender Registry Act, Mich. Comp. Laws § 28.721 et seq. (Dkt. # 1, Pg. ID 4.) While Plaintiff was on parole for his 2014 convictions for possession of cocaine, resisting and obstructing, and fleeing and eluding, he admittedly violated his parole and the Michigan Sex Offender Registry Act by using an unregistered alias ("Justice Pelcher") and knowingly associating with

felons—namely, Rosalinda Martinez, whom Plaintiff describes as his then-girlfriend. (Dkt. # 19-2, Pg. ID 88-89.) Plaintiff was also communicating with Martinez's 14-year-old daughter via Facebook and the unregistered emails, and had mailed the girl a phone so that she could send him pictures of herself. (Dkt. # 19-3, Pg. ID 94.) Plaintiff was re-paroled after agreeing to the new, complained-of special conditions (Dkt. # 19-7, Pg. ID 108-09.)

Given Plaintiff's prior convictions for criminal sexual conduct involving sexual activity with minors and his recent, repeated parole violations for communicating with a minor female under an unregistered alias, the court finds no dispute of fact material to the disposition of this case. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The record here, construed in the light most favorable to Plaintiff, does not support a finding that the conditions placed on Plaintiff's parole lack a rational basis and thereby violate Plaintiff's constitutional rights.

In his response and counter-motion, Plaintiff asks the court to enter a default judgment against Defendant Williams-Bennett. Yet the clerk of the court denied Plaintiff's request for entry of default as to Defendant Bennett because Plaintiff has not effectuated service. (*See* Dkt. # 26.) Federal Rule of Civil Procedure 4(m) provides plaintiffs 90 days from the date the complaint was filed to properly serve defendants, or else "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service to be made within a specified time." Fed. R. Civ. P. 4(m). Ordinarily the court would order Plaintiff to show cause why his case should not be dismissed with respect to Defendant Williams-Bennett under Rule 4. However, given that the court has already determined that the

special conditions do not violate Plaintiff's constitutional rights, the court is satisfied that no such showing is possible. Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment (Dkt. # 19) is GRANTED. Plaintiff's "counter-motion" (Dkt. # 29) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Dkt. # 1) is DISMISSED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Acting in the absence of Lisa Wagner
Case Manager and Deputy Clerk